**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Ricardio Dale Smith,　　　　　　　　　　Case No. 24-CV-2714 (JMB/SGE)

　　　　PLAINTIFF,

v.　　　　　　　　　　　　　　　　　　**ORDER AND**
　　　　　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**

Andrew Gordon,

　　　　DEFENDANT.

---

This matter is before the Court based on the following filings by Plaintiff Ricardio Dale Smith:

1. His opening filing, ECF No. 1 ("Complaint");

2. His Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 8 ("IFP Application");

3. His "Affidavit/Motion" received on July 29, 2024, ECF No. 9 ("Motion");

4. His letter to the Court received on August 19, 2024, ECF No. 13 ("Letter"); and

5. His "Writ of Prohibition/Writ of Certiorari to Dismiss Complaint," ECF No. 14 ("Petition").

For the following reasons, the Court orders that the Petition be treated as this action's operative pleading. The Court also recommends (1) denying the Petition; (2) dismissing this action; and (3) denying as moot the IFP Application, Motion, and Letter.

**I.　Background**

Mr. Smith faces trial in two Minnesota state-court criminal actions. In October 2023, Ramsey County authorities charged Mr. Smith with failing to fulfill predatory-

offender registration requirements (in violation of Minn. Stat. § 243.166, subd. 5(a)(1)). *See* Register of Action, *State v. Smith*, No. 62-CR-23-6225 (Minn. Dist. Ct.) ("*Smith I* Docket"). In November 2023, Ramsey County authorities charged him with third-degree criminal sexual conduct (in violation of Minn. Stat. § 609.344, subd. 1(b)). *See* Register of Action, *State v. Smith*, No. 62-CR-23-6647 (Minn. Dist. Ct.) ("*Smith II* Docket").[1] Both trials are scheduled for October 30, 2024. *See Smith I* Docket; *Smith II* Docket.

This action began on June 17, 2024, when the U.S. District Court for the Northern District of Illinois ("USDC-NDIL") received the Complaint. *See* Docket. The filing is a letter from Plaintiff to the "U.S. Supreme Court of Appeals," but the USDC-NDIL construed it as a civil complaint against Judge Andrew Gordon, a state-court judge involved in Plaintiff's state prosecutions. *See, e.g.*, ECF No. 4 at 1 ("July 2024 Order"); *Smith I* Docket; *Smith II* Docket. The Complaint argues that various constitutional problems undermine Mr. Smith's criminal matters. *See* Compl. 2–6. For relief, Mr. Smith asks for a court to "[i]ntervene" in those actions. *Id.* at 6.

Finding the USDC-NDIL to be an inappropriate venue, U.S. District Judge Sunil R. Harjani ordered the action's transfer to this District. *See* July 2024 Order 1–2. This Court received the IFP Application and the Motion on July 29, 2024. The IFP Application requests permission for Mr. Smith to proceed *in forma pauperis*. *See generally* IFP Appl.

---

[1] The Court can take judicial notice of these public court records. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Bethune v. Baker*, No. 21-CV-2640 (DSD/DTS), 2024 WL 2862132, at *1 n.2 (D. Minn. June 6, 2024) (citing *Stutzka*).

The Motion references events in at least one of Mr. Smith's state prosecutions and asks the Court to "discontinue these proceedings [presumably the relevant prosecution] and dismiss this case without prejudice and release the defendant from this court room at once." *See* Mot. 2.

Shortly after receiving the IFP Application, this Court—treating the action as a standard, nonhabeas civil matter—ordered Plaintiff to submit an initial partial filing fee of $13.40. *See* Docket; ECF No. 12 at 3. The Letter requests reconsideration of that order, claiming that Mr. Smith is "financially unable" to pay. Ltr. 2.[2]

The Court received the Petition on the same day as the Letter. Addressed to "the United States Supreme Courts," the Petition asks to be "admitted as an Amended Petition" in this action. Pet. 1. It appears to add as parties two more judges involved in Plaintiff's state prosecutions. *See id.*; *Smith I* Docket; *Smith II* Docket. Like the Complaint, the Petition challenges Mr. Smith's ongoing prosecutions, but here the focus rests largely on alleged violations of his right to a speedy trial. *See, e.g.*, Pet. 2–6. The Petition asks that "the Courts . . . [intervene] and have a [Judicial Standard Review] into the unconstitutional Court hearings and the procedural Misconduct of the District Court [Judges] named above." *Id.* at 1.[3]

---

[2] The Letter also alleges judicial bias. The Court need not—so will not—address these claims, as the Letter makes no formal request based on this alleged bias.

[3] Due to this Court's recent appointment to the District's bench, the action was reassigned to this Court on September 30, 2024. *See* ECF No. 15.

**II.     Analysis**

   **a.     Operative pleading**

As a threshold matter, as discussed above, the Petition requests that the Court treat it as this action's operative pleading. Mr. Smith has not complied with this District's rules for submitting an amended pleading. *Cf.* D. Minn. L.R. 15.1. Nevertheless, the Court will treat the filing as a proposed amended pleading.[4] Furthermore, under Rule 15(a) of the Federal Rules of Civil Procedure, the Court concludes that Plaintiff could amend his initial filing "as a matter of course." The Court will thus treat the Petition as this action's operative pleading.

   **b.     Form of action**

Although the USDC-NDIL initially classified Mr. Smith's opening pleading as a civil complaint, the Petition refers to itself as an "Amended Petition." This discrepancy requires a determination of the action's true nature. While the USDC-NDIL and this District's Clerk of Court processed it as a standard, nonhabeas civil action, the Petition's self-designation and its claim of unconstitutional captivity during pretrial detention (*see*

---

[4] The Court warns Mr. Smith that *pro se* litigants must follow applicable court procedural rules. *See, e.g.*, *Bunch v. Univ. of Ark. Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017) (citing *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002)); *Perkins v. City of Minneapolis*, No. 23-CV-3810 (ECT/ECW), 2024 WL 3571115, at *2 (D. Minn. June 12, 2024) (citing cases), *report and recommendation adopted*, 2024 WL 3569492 (D. Minn. July 29, 2024).

Pet. 3) strongly suggest this classification is erroneous. Therefore, this action is not now, and maybe never was, a nonhabeas civil action.[5]

The Petition's caption suggests multiple alternative interpretations. Its reference to a "writ of prohibition" could mean that Mr. Smith seeks a writ of mandamus. *See, e.g.*, *In re Union Elec. Co.*, 787 F.3d 903, 908 n.4 (8th Cir. 2015) ("As a practical matter, there is little distinction between a writ of mandamus and writ of prohibition." (citing cases)). But mandamus relief is inappropriate here because federal courts have "no authority to issue a writ of mandamus telling a state court how it must perform its judicial duties." *Udoh v. Clerk of the Minn. App. Cts.*, No. 21-CV-1031 (PJS/HB), 2021 WL 2010778, at *1 & n.2 (D. Minn. May 20, 2021). Furthermore, even if such authority did exist, a federal court will issue a writ of mandamus only when a plaintiff "has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also In re Lombardi*, 741 F.3d 888, 894 (8th Cir. 2014) (making similar point (quoting *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004)). Mr. Smith has not established exhaustion or any such duty.

---

[5] To be clear, this characterization does not alter this Court's recommended outcome here. Even if the Court were to treat this matter as a nonhabeas civil action, the *Younger* abstention doctrine would apply, leading the Court to recommend dismissing the action without prejudice for lack of jurisdiction. *See, e.g.*, *Minn. Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 551 (8th Cir. 2018) ("In *Younger v. Harris*, [401 U.S. 37 (1971),] the Supreme Court held that, consistent with our nation's commitment to the principles of comity and federalism, a federal court should abstain from exercising jurisdiction in cases where there is a parallel, pending state criminal proceeding, so long as certain conditions are met.").

Similarly, the Petition's reference to a "[w]rit of [c]ertiorari" is misplaced in this context. "A writ of certiorari is an extraordinary writ issued by an *appellate* court, at its discretion, directing a lower court to deliver the record in the case for review." *Klaudt ex rel. Appellation v. Dooley*, No. 10-CV-4091 (KES), 2010 WL 5391571, at *6 (D.S.D. Dec. 22, 2010) (emphasis in original); *see also, e.g.*, *Klocek v. Gateway, Inc.*, 104 F. Supp. 2d 1332, 1344 n.20 (D. Kan. 2000) (making same point). This Court lacks appellate jurisdiction over Ramsey County trial courts, making any request to this Court for a writ of certiorari improper.

What remains, then, is treating this action as a petition for a writ of habeas corpus. Mr. Smith does not say what federal habeas-related statute he means to invoke here, but there are two options: 28 U.S.C. § 2254 and 28 U.S.C. § 2241. Plaintiff[6] cannot use § 2254, which applies to persons "in custody pursuant to the judgment of a State court," because he is a state pretrial detainee awaiting trial. *See, e.g.*, *Konz v. Witt*, No. 23-CV-0679 (ECT/DTS), 2024 WL 1312512, at *2 n.1 (D. Minn. Feb. 28, 2024), *report and recommendation adopted*, 2024 WL 1308788 (D. Minn. Mar. 27, 2024); *Sharkey v. Von Wald*, No. 09-CV-0900 (PJS/SRN), 2009 WL 1409243, at *2 (D. Minn. May 20, 2009) (cited by *Konz*). The Court therefore construes the amended petition as brought under § 2241.

Even if the Amended Petition is construed as falling under § 2241, most of Mr. Smith's arguments—here including matters raised both in the Complaint and in the

---

[6] Technically, "Petitioner" at this point, but the Court will continue using "Plaintiff."

Petition—cannot be considered. State pretrial detainees seeking federal habeas relief under § 2241 are generally required to exhaust state-court remedies first. *See, e.g., Abdikarim v. State*, No. 24-CV-2013 (NEB/LIB), 2024 WL 3557772, at *2 (D. Minn. June 17, 2024) (citing cases), *report and recommendation adopted*, 2024 WL 3552960 (D. Minn. July 26, 2024); *Rojas Hernandez v. Paget*, No. 16-CV-02537 (DWF/HB), 2016 WL 7404742, at *2 (D. Minn. Nov. 10, 2016) (same), *report and recommendation adopted*, 2016 WL 7404683 (D. Minn. Dec. 21, 2016). Mr. Smith has clearly not exhausted state-court remedies for most of his arguments.

The Petition's speedy-trial claim requires further discussion. State pretrial detainees can bring certain speedy-trial claims under § 2241 without first exhausting state-court remedies. But there is a significant limitation: a petitioner can do so "only insofar as a detainee seeks as relief to go to trial rather than dismissal of the charges against him." *Swenson v. Wohlman*, No. 21-CV-0456 (PAM/DTS), 2021 WL 2228460, at *2 (D. Minn. May 12, 2021) (citing *Politano v. Miller*, No. 08-CV-0238 (PJS/FLN), 2008 WL 906300, at *4 (D. Minn. Mar. 31, 2008)), *report and recommendation adopted*, 2021 WL 2228114 (D. Minn. June 2, 2021). Here, Mr. Smith is not requesting a prompt trial;[7] instead, he seeks dismissal of the state cases against him "forthwith." Pet. 6. As a result, his speedy-trial claim is subject to the typical exhaustion requirement for state pretrial detainees. There is no indication in the case record that he has exhausted his state-court remedies on this issue.

---

[7] Even if he were, his trials are currently set for the end of October. His trials are therefore scheduled to occur before this matter could feasibly be litigated.

7

In summary, then, the Court construes this action as a habeas proceeding under 28 U.S.C. § 2241. But for the claims Plaintiff raises, he can only bring them in a § 2241 action if he has exhausted the relevant state-court remedies, which he has not. Therefore, the Court recommends denying the Petition.

### c.     Remaining motions

Given that the Court is no longer treating this action as a standard, nonhabeas civil matter, the normal filing-fee provisions of 28 U.S.C. § 1915 do not apply to this action, and Plaintiff need not submit any initial partial filing fee. Furthermore, given the Court's recommendation that the Petition be denied, it further recommends denying the IFP Application as moot. The Court also recommends denying the Motion and Letter as moot.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** the request in Plaintiff Ricardio Dale Smith's "Writ of Prohibition/Writ of Certiorari to Dismiss Complaint," ECF No. 14 ("Petition"), that the Petition be treated as this action's operative pleading is **GRANTED**.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The Petition be **DENIED**;

2. Mr. Smith's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 8, be **DENIED** as moot;

3. Mr. Smith's "Affidavit/Motion" received on July 29, 2024, ECF No. 9, be **DENIED** as moot;

8

4. Mr. Smith's letter to the Court received on August 19, 2024, ECF No. 13, be **DENIED** as moot; and

5. This action be **DISMISSED**.

Dated: October 7, 2024         *s/ Shannon Elkins*
                               SHANNON G. ELKINS
                               United States Magistrate Judge

### NOTICE

**Filing Objections:** The Report and Recommendation component of this Order and Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).